UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCAIRN IP HOLDINGS LTD., and GLENCAIRN CRYSTAL STUDIO LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>PRODUCT SPECIALTIES INC. D/B/A FINAL TOUCH,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Glencairn IP Holdings Ltd. and Glencairn Crystal Studio Ltd. (collectively, "Glencairn"), by their attorneys, for their complaint against Defendant Product Specialties Inc. d/b/a Final Touch ("Final Touch"), allege as follows:

## INTRODUCTION

1. Glencairn introduced the iconic GLENCAIRN® Glass, depicted on the following page and often referred to as the "Official Whisky Glass," in 2001. Glencairn intended to fill a void in the whisky tasting and drinking glass markets, the lack of a dedicated whisky glass, with the GLENCAIRN® Glass. The registered trade dress of the GLENCAIRN® Glass has come to be associated with first-rate quality glass, glass crafting, and whisky tasting.



2. Defendant Final Touch is manufacturing and offering for sale a whiskey glass, depicted below, that imitates the GLENCAIRN® Glass and infringes on and misappropriates Glencairn's trademark rights in the iconic GLENCAIRN® Glass.



3. Defendant's packaging and advertising (reproduced below) for the Final Touch Whiskey Tasting Glass ("the Final Touch Glass") also uses an image of a whiskey glass that is identical to the GLENCAIRN® Glass.



4. Defendant is blatantly trading off of the goodwill associated with Glencairn's trade dress and the GLENCAIRN® Glass by offering for sale Defendant's infringing imitation of the GLENCAIRN® Glass in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, or affiliation of the infringing glass.

5. Glencairn seeks to stop Defendant's misconduct and to prevent Defendant from engaging in any further misconduct. This is an action at law and in equity for damages and injunctive relief based on Federal Trade Dress Infringement, Federal Unfair Competition, State Trade Dress Dilution, Common Law Trade Dress Infringement, and Common Law Misappropriation. Among other relief, Glencairn asks this Court to: (i) preliminarily and permanently enjoin Defendant from manufacturing, selling, or offering for sale the infringing

imitation glass; (ii) award Glencairn monetary damages; (iii) require Defendant to disgorge all of its profits from its sales of the infringing glass; and (iv) award Glencairn exemplary damages, attorneys' fees, and costs.

## THE PARTIES

6. Glencairn IP Holdings Limited is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.

7. Glencairn Crystal Studio Limited is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.

8. Product Specialties Inc. d/b/a Final Touch is a Canadian corporation organized and existing under the laws of Canada. On information and belief, its principal place of business is Unit 6, 10 Carlow Court, Whitby, Ontario, Canada L1N9T7, and its principal place of business in the United States is at 555 Riverwalk Parkway, Tonawanda, NY 14150.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Glencairn's claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

10. This Court has personal jurisdiction over the Defendant at least because, on information and belief, Defendant transacts business within the State of New York, including by marketing, selling, and shipping the product giving rise to Glencairn's causes of action to purchasers located in the United States, and has purposely availed itself of the privileges of conducting activities within the State of New York.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this judicial district and under 28 U.S.C. § 1391(b)(2) because the product giving rise to Glencairn's causes of action has been sold and distributed within and from the Western District of New York.

## FACTUAL ALLEGATIONS

**A.   Glencairn's Trademark Rights**

12. The GLENCAIRN® Glass is an iconic glass introduced to the market in 2001.

13. Glencairn IP Holdings Ltd. is the owner of trademark rights in the distinctive trade dress of the GLENCAIRN® Glass (the "GLENCAIRN® Trade Dress"), including United States Registration No. 5,024,360 (the "'360 Registration"), issued by the United States Patent and Trademark Office on August 23, 2016, for the GLENCAIRN® Trade Dress, as depicted below, for "Beverage glassware, namely, whisky glasses."



Glencairn Crystal Studio Limited is the exclusive licensee of those trademark rights. A copy of the Certificate of Registration for the '360 Registration is attached as **Exhibit 1**.

14. Glencairn has distributed and sold the GLENCAIRN® Glass, which features the GLENCAIRN® Trade Dress, since as early as 2001, and in commerce in the United States since

at least September 1, 2004.  As a result of Glencairn's substantially exclusive and continuous use of the GLENCAIRN® Trade Dress and Glencairn's marketing and advertising efforts, Glencairn has acquired goodwill in connection with the GLENCAIRN® Glass, and the GLENCAIRN® Trade Dress has acquired distinctiveness.  The GLENCAIRN® Trade Dress is nonfunctional, and the public recognizes and understands that the GLENCAIRN® Trade Dress distinguishes and identifies the GLENCAIRN® Glass from other products.

15. The glass in which liquor is served plays a significant role in building the cultural and social experience associated with that liquor.  Whisky, especially single malt scotch whisky, did not have its own dedicated glass for centuries.  Whisky master blenders used a copita glass for nosing and tasting whisky, but this glass was also used for nosing other liquors as well.  In fact, the copita glass was also called a "dock glass" because it was used by buyers to nose and taste wine and spirit shipments at the dock before they accepted the shipment.

16. Over thirty years ago, Glencairn founder Raymond Davidson recognized the opportunity to introduce a distinctive glass that would be associated with drinking whisky.  Mr. Davidson took great care in designing his glass to meet the needs of whisky drinking, including the tapered mouth for nosing, while also having a design that was distinctive and attractive to consumers.  The result was the GLENCAIRN® Glass—a glass like no other before it.

17. In 2001, Glencairn launched the GLENCAIRN® Glass into the market with a 1,500-unit production that was released at the Whisky Live event in London.  With this launch the GLENCAIRN® Glass was born to the world.

18. Glencairn invested heavily in marketing the distinctive and innovative design of the GLENCAIRN® Glass.  Glencairn supplied GLENCAIRN® Glasses to whisky events and tastings across the globe, including in cities such as New York City, San Francisco, Chicago, Los

Angeles, Boston, Louisville, Portland, and Seattle. Many of these events have thousands of attendees each year and use the GLENCAIRN® Glass exclusively. Glencairn also has supplied the GLENCAIRN® Glass to distilleries in the United States that are well known and highly regarded for whisky production, including, for instance, Brown Forman, Jim Beam, and Tuthilltown. These distilleries hold mini shows and regular tastings of varying sizes using the GLENCAIRN® Glass.

19. Glencairn has secured industry exposure for the GLENCAIRN® Glass through publications as well. For example, the GLENCAIRN® Glass has appeared in *Whisky Magazine* on several occasions and was featured in *Malt Advocate* magazine in 2002. The GLENCAIRN® Glass was also advertised for sale in Playboy Magazine in the United States and appeared in the Whiskies of the World official event program in San Francisco in 2003.

20. The GLENCAIRN® Glass has won several awards and accolades, including The Queen's Award for Enterprise: Innovation in 2006; The Queen's Award for Enterprise: International Trade in 2012; the Scottish Marketing Award for Innovation in 2008; the National Business Award for Innovation and Marketing Excellence Award for Best Marketing Strategy; and the 17th Annual *Malt Advocate* Whisky Awards "Industry Leader of the Year."

21. The money and effort Glencairn has spent marketing the GLENCAIRN® Glass has returned financial success as well. Since launching the GLENCAIRN® Glass with the 1,500-unit production in 2001, Glencairn's sales of the GLENCAIRN® Glass have reached over 20 million glasses globally, with annual sales to the United States of approximately one million glasses.

**B.     Defendant's Wrongful and Infringing Conduct**

22.     Defendant manufactures, advertises, sells, and otherwise uses in commerce the Final Touch Glass.  The Final Touch Glass is a copy and colorable imitation of the GLENCAIRN® Glass—and the GLENCAIRN® Trade Dress—and is causing consumer confusion as to the nature and source or origin of the Final Touch Glass.  A side-by-side comparison of the infringing Final Touch Glass, the GLENCAIRN® Glass, and the drawing of the GLENCAIRN® Trade Dress from the '360 Registration is included below.



23.     On information and belief, Defendant was familiar with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress when Defendant created, manufactured, and began advertising and selling the infringing Final Touch Glass.

24.     Defendant has exploited and is exploiting the commercial success and global recognition of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress to Defendant's commercial advantage.  Defendant copied the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and misappropriated Glencairn's investment, goodwill, and market share by selling the infringing Final Touch Glass to would-be consumers of the GLENCAIRN® Glass.

8

25. The infringing Final Touch Glass competes with the GLENCAIRN® Glass and is sold through overlapping channels of trade, including through online marketplaces.

26. Defendant's use of a confusingly similar imitation of the GLENCAIRN® Trade Dress is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the whisky glass sold by Defendant is manufactured or authorized by, or in some manner associated with Glencairn.  The Final Touch Glass is not manufactured by Glencairn, and neither Defendant nor the Final Touch Glass is associated, affiliated, or connected with Glencairn, or licensed, authorized, sponsored, endorsed, or approved by Glencairn in any way.

27. This deception, confusion, and misleading conduct is particularly damaging with respect to consumers who perceive a defect or lack of quality in the Final Touch Glass.

28. Defendant continues to manufacture, advertise, sell, and otherwise use in commerce its confusingly similar imitation of the GLENCAIRN® Trade Dress in connection with the sale of a product that directly competes with the GLENCAIRN® Glass.  Defendant began selling its imitation after Glencairn had established protectable rights in the GLENCAIRN® Trade Dress.

29. Glencairn has lost market share and sales due to Defendant's activities and misconduct.  Such conduct also has caused and is causing irreparable harm to the goodwill symbolized by the GLENCAIRN® Trade Dress and the reputation for quality that the GLENCAIRN® Trade Dress embodies.

30. Defendant's activities and misconduct have been knowing, intentional, and willful.  On July 9, 2018, Glencairn, through its counsel, sent a letter to Defendant, demanding that it cease its infringement of and unfair competition relating to unauthorized use of the

GLENCAIRN® Trade Dress.  On August 2, 2018, Defendant, through its counsel, confirmed receipt of the demand but refused to cease permanently the infringement of the GLENCAIRN® Trade Dress.  Defendant stated its intention to resume sales of its infringing Final Touch Glass after a thirty-day period, even after Glencairn brought its trademark rights and the '360 Registration to Defendant's attention.  Defendant has thus acted, and plans to continue acting, in bad faith, with malicious intent, and in knowing disregard of Glencairn's rights.

## FIRST CLAIM FOR RELIEF

### (Federal Trade Dress Infringement – Lanham Act § 32, 15 U.S.C. § 1114)

31.   Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 30 above.

32.   Glencairn owns United States Trademark Registration Number 5,024,360 for the GLENCAIRN® Trade Dress.  Glencairn has used the GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004.

33.   Defendant's unauthorized use of a confusingly similar imitation of the GLENCAIRN® Trade Dress is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Final Touch Glass is manufactured or distributed by Glencairn, is associated or connected with Glencairn, or has the sponsorship, endorsement, or approval of Glencairn.

34.   The aforesaid conduct constitutes trade dress infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35.   Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Trade Dress.

36.   Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of

the GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

37. Pursuant to 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. Furthermore, Defendant's willful infringement of the GLENCAIRN® Trade Dress without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))

38. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 37 above.

39. Glencairn has used the GLENCAIRN® Glass and GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004. The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Glass and GLENCAIRN® Trade Dress as a designation of source.

40. Through the use of a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress, Defendant is knowingly and intentionally misrepresenting and falsely designating to the general public the origin, sponsorship, and approval of the Final Touch Glass and the affiliation, connection, and association of Defendant with Glencairn, so as to create a likelihood of confusion among the public as to the origin, sponsorship, and approval of the Final Touch Glass and the affiliation, connection, and association of Defendant with Glencairn.

41.     The aforesaid conduct constitutes false endorsement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

42.     Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

43.     Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

44.     Pursuant to 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. Furthermore, Defendant's willful infringement of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

**THIRD CLAIM FOR RELIEF**

**(State Trade Dress Dilution – New York General Business Law § 360-*l*)**

45.     Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 44 above.

46.     Glencairn owns United States Trademark Registration Number 5,024,360 for the GLENCAIRN® Trade Dress and has used the GLENCAIRN® Trade Dress in commerce in the

United States since at least September 1, 2004.  The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Trade Dress as a designation of source.

47. Defendant's unauthorized use of a substantially similar imitation of the GLENCAIRN® Trade Dress is likely to erode the public's exclusive identification of the distinctive GLENCAIRN® Trade Dress with Glencairn and otherwise lessen the capacity of the GLENCAIRN® Trade Dress to identify and distinguish Glencairn's goods and services.

48. Defendant's unauthorized use of a substantially similar imitation of the GLENCAIRN® Trade Dress for the inferior Final Touch Glass also is likely to tarnish and degrade consumers' positive quality associations with the GLENCAIRN® Trade Dress.

49. The aforesaid conduct constitutes trade dress dilution in violation of Section 360-*l* of the New York General Business Law.

50. Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Trade Dress.

51. Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury.  This injury includes a reduction in the distinctiveness of the GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages.  Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trade Dress Infringement)**

52. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 51 above.

53. Glencairn has used the GLENCAIRN® Glass and GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004. The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Glass and GLENCAIRN® Trade Dress as a designation of source.

54. Defendant's unauthorized use of a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Final Touch Glass is manufactured or distributed by Glencairn, is associated or connected with Glencairn, or has the sponsorship, endorsement, or approval of Glencairn.

55. The aforesaid conduct constitutes trade dress infringement under New York common law.

56. Defendant's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

57. Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

58. Glencairn is also entitled to recover, at a minimum, (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. In light of Defendant's willful infringement of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification, Glencairn is additionally entitled to punitive damages.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Misappropriation)**

59. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 58 above.

60. Glencairn has invested substantial time, money, effort, and skill to develop the high-quality product that is the GLENCAIRN® Glass. Glencairn has also invested substantial time, money, effort, and skill to generate recognition of the GLENCAIRN® Glass among the consuming public. Through those efforts, Glencairn has built up valuable goodwill in the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

61. By producing and selling a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress, Defendant has intentionally misappropriated the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress for Defendant's advantage.

62. The aforesaid conduct constitutes unfair competition under New York common law.

63. Defendant's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

64. Glencairn is also entitled to recover, at a minimum, (i) Defendant's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. In light of Defendant's willful misappropriation of the goodwill associated with the GLENCAIRN® Glass and

GLENCAIRN® Trade Dress without excuse or justification, Glencairn is additionally entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Glencairn respectfully requests that this Court:

a) Preliminarily and permanently enjoin Defendant, its agents, servants, officers, directors, employees, representatives, successors, and assigns, and all others acting in concert or participation with Defendant, from manufacturing, selling, or offering for sale the Final Touch Glass or any colorable imitation or variation that is confusingly or substantially similar to the GLENCAIRN® Glass and GLENCAIRN® Trade Dress;

b) Award Glencairn its ascertainable damages, costs, and attorney fees;

c) Award Glencairn Defendant's profits attributable to the Final Touch Glass;

d) Award Glencairn punitive damages to the extent permitted by law;

e) Award prejudgment interest on damages;

f) Order that Defendant be required to deliver up for destruction all merchandise, products, stationery, business forms, packaging, labels, signs, advertisements, brochures, promotional materials and other printed materials which bear the infringing GLENCAIRN® Trade Dress.

g) Grant such other and further relief to Glencairn as the Court deems just and appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Glencairn demands a jury trial on all issues so triable.

Dated: August 20, 2018

HARRIS BEACH PLLC AND
O'MELVENY & MYERS LLP


By: */s/Neal L. Slifkin*
  Neal L. Slifkin
  James P. Nonkes
  nslifkin@harrisbeach.com
  jnonkes@harrisbeach.com
  HARRIS BEACH PLLC
  99 Garnsey Road
  Pittsford, NY 14534
  Ph. (585) 419-8800
  Fx. 585-419-8811
  Mark E. Miller
  markmiller@omm.com

  Mark E. Miller (*pro hac vice application forthcoming*)
  markmiller@omm.com
  Jesse J. Koehler (*pro hac vice application forthcoming*)
  jkoehler@omm.com
  Marissa D. Rhoades (*pro hac vice application forthcoming*)
  mrhoades@omm.com
  O'MELVENY & MYERS LLP
  Two Embarcadero Center, 28th Floor
  San Francisco, CA 94111-3823
  (415) 984-8700

  *Counsel for Plaintiffs Glencairn IP Holdings Ltd. and Glencairn Crystal Studio Ltd.*